Altemose Architects & Engineers Associates and Valley Forge Plaza Associates, Appellants *v.* Upper Merion Township Zoning Hearing Board, Appellee.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*J. Edmund Mullin, Hamburg, Rubin, Mullin & Maxwell,* for appellants.

*Gregory J. Dean, Meneses & Dean, P.C.,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., April 11, 1983:

Altemose Architects & Engineers Associates, and Valley Forge Plaza Associates, have appealed jointly from a zoning decision of the Court of Common Pleas of Montgomery County. The lower court affirmed a decision by the Upper Merion Township Zoning Hearing Board (Board) denying the appellants a special exception to build a parking lot.

Pursuant to plans to expand the Sheraton Hotel complex at King of Prussia, Upper Merion Township,

the appellants proposed to build a 349-space parking lot on a separate tract of land adjacent to the site of the complex. The purpose of the proposed parking lot was to provide additional parking for the patrons and employees of businesses in the complex. In addition to the Sheraton Hotel, the complex contains an office building, a theater building and various accessory uses . According to the plans for the parking lot, driveways were to be constructed to connect the lot with a nearby public road, and to connect the lot with the hotel complex itself.

Because the site of the parking lot is partially in a flood plain district, the zoning ordinance of Upper Merion Township prohibited the driveways and the parking lot itself without the grant of a special exception. In February of 1980, the appellants applied to the Board for a special exception.

Under Section 1754 F (1) of the Township's zoning ordinance, a special exception shall not be granted for driveways "if alternative alignments are feasible." By force of Section 1754 F (2) of the ordinance, a parking facility shall not be permitted as a special exception "unless satisfactory evidence is submitted that such parking will not be utilized during periods of flood flow."

The Board concluded that the appellants, after a hearing, had failed to meet the burden of proof under both of the above ordinance provisions. Thus, the Board denied their application. With respect to the conditions set forth in Section 1754 F (2), the appellants asserted that they would take several precautionary steps to insure that the parking lot would be vacant before any flooding. They represented that a 24-hour guard service would make periodic inspections of the lot; that a closed-circuit television system would monitor the lot; that a paging system would be maintained to alert hotel patrons to move their cars in the

event of flooding; and that tow trucks would be kept available to help remove cars. The appellants also stated that hotel employees, who, allegedly, would be the first alerted, would be given the most distant parking spaces. The Board rejected the appellants' representations concerning the time it would take to evacuate the lot; and also rejected the feasibility of their evacuation proposals.

Without taking additional evidence, the Court of Common Pleas of Montgomery County upheld the Board's decision. Upon reviewing the record, we affirm on the able opinion from below by Judge William W. Vogel, Pa. D. & C.3rd (1983).

ORDER.

AND Now, the 11th day of April, 1983, the order of the Court of Common Pleas of Montgomery County dated April 20, 1981, at No. 80-9505, is affirmed.